# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| PANHANDLE EASTERN PIPE LINE COMPANY, L.P., <br><br> Plaintiff, <br><br> v. <br><br> HARRY GRAY, SHIRLEY HADLEY, EDITH NICHOALDS, WILLIAM NICHOALDS, LUKE R. MATARELLI, GENE R. BOWERS, VIRGINIA S. GILLETT, KAREN L. PETTY, and CLYDE I. PETTY, <br><br> Defendants. | Case No. 11-cv-1333 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Default Judgment as to Defendant Luke Matarelli (Doc. 65), and Motion for Default Judgment as to Defendants Clyde I. Petty and Karen L. Petty (Doc. 66). As explained below, the pending Motions are granted, and Plaintiff is awarded a permanent injunction as described herein.

### PROCEDURAL HISTORY

Plaintiff filed the present action on September 2, 2011. In the First Amended Complaint, Plaintiff alleges the need for injunctive relief to access and clear a portion of land pursuant to an easement to which Defendants' fee simple is subject. (Doc. 22). The matter is in this Court because of diversity of the parties. As noted in the Court's previous Order (Doc. 74) taking these Motions under advisement,

Defendants Luke Matarelli, Clyde Petty, and Karen Petty have been properly served and have not appeared in this action, nor have they filed any response to the pending Motions against them. Default was entered against these Defendants on August 27, 2013. Plaintiff filed the instant Motions for Default Judgment on June 17, 2013. A hearing was held on the Motions on November 18, 2013, at which Plaintiff presented argument on the appropriate remedy and introduced two exhibits: an Affidavit of Darin F. Pilgrim ("Pilgrim Affidavit") and an Affidavit of Troy A. Yackle ("Yackle Affidavit"). Defendants also did not appear at the hearing, of which they had notice. Plaintiff seeks to have this Court enter judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. 45 at 1). It seeks an injunction to allow it to remove the obstructions on Defendants' properties and enjoy its easement rights.

As a preliminary matter, Plaintiff filed declarations under penalty of perjury affirming that none of the Defendants are in military service. (Docs. 82, 83). This satisfies the requirement that the Court obtain such an affidavit before entering judgment against an individual who has not appeared. *See* 50 U.S.C. app. § 521(b)(4). Thus, the Court is able to enter judgment for Plaintiff against Defendants.

### FACTUAL BACKGROUND[1]

Plaintiff is a company engaged in transporting natural gas through underground pipelines, including through a pipeline it calls the Canton Lateral

---

[1] This background information is drawn from Plaintiff's First Amended Complaint, as the facts relating to liability therein are taken as true, as well as the exhibits presented at the hearing, which are uncontested.

which runs underneath Defendants' properties. Defendants are residents of Peoria County, Illinois. Defendant Matarelli owns real estate at 7330 West East Branch Drive, Bartonville, Illinois. Defendants Clyde Petty and Karen Petty ("Petty Defendants") own real estate at 7322 West East Branch Drive, Bartonville, Illinois. Both of these properties were apparently once part of the same parcel of land, owned by Joseph and Bessie Shoup. (*See* Yackle Aff. 11-12.)

The Shoups granted to Central Pipe Line Company an easement evidenced by a document entitled "Agreement for Right-of-Way."[2] (Yackle Aff. 11). The document was executed on October 21, 1933, and was properly recorded. It grants to Central Pipe Line Company, and thereby to Plaintiff as a successor in interest by assignment from the original easement holder, "the right to lay, maintain, alter, repair, replace, operate and remove at any time hereafter a pipe line for the transportation of natural gas . . . with the right of ingress and egress to and from the same on, over and through" the described property, which includes what is now Defendants' properties. (Yackle Aff. 11). Defendants acquired their properties subject to this easement. In the document, there is no description of a specific easement width or exact location of where the pipeline was to be placed. As contemplated by the easement, a pipeline was at some point constructed across the land Defendants now own.

---

[2] Under Illinois law, "a right of way is an easement." *Kurz v. Blume*, 95 N.E.2d 338, 339 (Ill. 1950). The Court will primarily use the synonymous and more familiar term "easement" throughout this Order.

3

Plaintiff must inspect its pipelines to ensure safety and to comply with federal regulations. In particular, as is industry practice, Plaintiff intends to inspect the pipelines aerially. Trees and structures on the easement impede Plaintiff's inspection and maintenance operations, and can prevent efficient repair in the event of an emergency. Further, tree roots can damage the pipelines. In February 2011, Plaintiff notified Defendants of its general plans to clear trees, brush, vegetation, and man-made obstructions on or encroaching on its easement to allow for inspection and maintenance of its pipeline pursuant to its easement across Defendants' properties. Despite Plaintiff's multiple attempts to obtain permission to enter the property for clearing operations, Defendants denied Plaintiff the right to enter.

Plaintiff seeks to clear trees and structures located within twenty-five feet of the center of the pipeline. On Defendant Matarelli's property, Plaintiff seeks to remove the following obstructions: a tree six feet from the pipeline, a tree that is twenty-three feet away, two bushes located twelve and fourteen feet from the pipeline, a group of additional trees and brush located twenty-two feet from the pipeline, a porch fourteen feet from the center of the pipeline, and the canopies of two other trees that are outside the twenty-five foot range because Plaintiff asserts the canopies encroach upon the area it needs clear for inspection and maintenance purposes. On the Petty Defendants' property, Plaintiff seeks to remove five trees, located one foot, eight feet, sixteen feet, ten feet, and twenty-one feet away from the

center of the pipeline; a group of bushes approximately ten feet away from the pipeline; and a porch that is seventeen and a half feet away from the pipeline.[3]

## ANALYSIS

Default was entered against these Defendants on August 27, 2013. Defendants' liability is thus established, and is no longer in controversy. *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007). The well-pled facts of the Complaint relating to liability are taken as true. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). However, the remedy is determined based on the evidence presented at the hearing. *See e360 Insight*, 500 F.3d at 604. The evidence presented in this case is all uncontroverted. A district court ruling on a motion for default judgment enjoys wide discretion. *See id.* at 598.

Under Rule 65(d), an order granting an injunction must include the reasons it issued, the specific terms, and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). The Seventh Circuit "insist[s] on strict compliance with these requirements." *United States v. Apex Oil Co.*, 579 F.3d 734, 739 (7th Cir. 2009). Of course, that is only to the extent such compliance is "feasible or desirable." *Id.* at 740. Before a federal court can award a permanent injunction, a plaintiff must satisfy four requirements:

---

[3] The exhibits demonstrate that a portion of the Petty Defendants' house is also within the area Plaintiff seeks to clear, (Pilgrim Aff. 3, 21-22), but Plaintiff represented to the Court at the hearing that it does not seek an injunction allowing it to remove part of the house at this time.

5

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Under Illinois law, an easement is a "right or a privilege in the real estate of another." *Beloit Foundry Co. v. Ryan*, 192 N.E.2d 384, 390 (Ill. 1963). The owner of an easement is entitled to "necessary use," which is "such use as is reasonably necessary for the full enjoyment of the premises." *Erday's Clothiers, Inc. v. Spentzos*, 592 N.E.2d 615, 621 (Ill. App. Ct. 1992). The owner of the property subject to the easement, referred to as the servient estate, is still entitled to reasonable use of the property, but may not interfere with the easement owner's proper enjoyment of the easement. *Id.* The language of the instrument creating the easement should be construed "in accordance with the intention of the parties." *Koplin v. Hinsdale Hosp.*, 564 N.E.2d 1347, 1354 (Ill. App. Ct. 1990). When the width and location of the easement is not defined, "the width is such as is reasonably convenient and necessary for the purposes for which the way was created." *Vallas v. Johnson*, 390 N.E.2d 939, 941 (Ill. App. Ct. 1979) (internal quotation marks omitted).

In the present Motions, Plaintiff alleges it is entitled to remove all obstructions within twenty-five feet of the center of the pipeline. The uncontroverted facts show that a permanent injunction is an appropriate remedy in this case. First, to show injury, Plaintiff points to the current need to inspect its pipeline, which it cannot do without access to Defendants' property to clear

6

obstructions. Plaintiff has shown through its uncontested allegations and evidence that the obstructions that are located near the pipeline interfere with aerial inspection of the pipeline, and that trees, in particular, may also damage the pipeline. Thus, Plaintiff's right to necessary use of its easement is infringed because it cannot maintain and inspect its pipelines. This constitutes irreparable harm, as Plaintiff has been injured by interference with its property rights.

Second, Plaintiff has adequately shown through its uncontroverted facts that there is no adequate remedy at law. Property rights are a prime example of rights without adequate remedy at law. *See, e.g., United Church of the Med. Ctr. v. Med. Ctr. Comm'n*, 689 F.2d 693, 701 (7th Cir. 1982). Monetary damages would not adequately address Plaintiff's injury from being unable to enjoy its property rights and inspect and maintain its pipeline. An undetected leak in a pipeline could delay maintenance or repair operations and could result in service interruptions. The costs to Plaintiff of preventing enjoyment of its rights could be immeasurable.

Third, in balancing harms, though Defendants will lose trees, bushes, and even porches, it is a small loss in comparison with the potential harm to Plaintiff if it cannot use its easement and is unable to inspect and maintain the portion of the pipeline running through Defendants' property. As Plaintiff showed through affidavits, inadequate inspection can result in safety risks, greater repair expense, lost revenue, or fines for failure to comply with federal regulations. These harms outweigh the harms to Defendants, warranting equitable relief.

Finally, the public would be served by an injunction, as the pipeline transports natural gas through the area, and the public has an interest in this operation being performed in a manner that minimizes the safety and health risks to the community. Particularly given the federal regulation of this matter, it is clear the public has an interest in Plaintiff's being able to enforce its easement rights to inspect and potentially maintain the pipeline.

Thus, Plaintiff has shown that an injunction is appropriate, but the Court must still specify the precise terms and scope of the injunction. *See In re Energy Co-op., Inc.*, 886 F.2d 921, 930 (7th Cir. 1989) ("Language delimiting the scope of the injunction . . . should be explicit and unambiguous."). For many of the same reasons addressed above, Plaintiff has proven that the structures it complains of impede its inspection duties and thus its use and enjoyment of its easement rights. Primarily, the obstructions, including trees, bushes, tree canopies, and the porches, prevent proper aerial inspection of the pipeline. As a result, Defendants will be enjoined from stopping the removal of the listed obstructions. The facts in the affidavits and the First Amended Complaint, which the Court accepts as uncontroverted and adequately proven, demonstrate these obstructions interfere with Plaintiff's reasonable use of the property under the rights pursuant to its easement. It also logically follows that Plaintiff will need access to these features to remove them, and Plaintiff's recorded easement specifically includes the right of ingress and egress. Thus, Defendants will also be enjoined from preventing Plaintiff's ingress and egress for this purpose.

To the extent Plaintiff seeks a broader injunction than one prohibiting interference with removal of obstructions, such as a blanket freedom to remove any and all structures and vegetation over a fifty-foot strip of land, it is not supported by the facts. Even though the easement, whose validity is uncontested, imparts on Plaintiff more expansive rights than the injunction addresses, Plaintiff points to no further harm at this time that requires an injunction from this Court. The Court does not find it appropriate to enter an injunction that serves only to reiterate the language of the easement, as the scope of the terms is subject to interpretation, and such an injunction would be broader than the specific controversy before the Court. Rather, on the uncontroverted facts presented by Plaintiff, the Court enters an injunction that addresses the specific and current injury to Plaintiff, that of the inability to properly inspect its pipeline due to structures and vegetation that are too close to the pipeline and blocks aerial view of an adequate width, or the danger from trees whose roots could damage the pipeline.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment as to Defendant Luke Matarelli (Doc. 65), and Motion for Default Judgment as to Defendants Clyde I. Petty and Karen L. Petty (Doc. 66), are GRANTED. Defendant Matarelli, his agents, and others in active concert or participation with Defendant Luke R. Matarelli are PERMANENTLY ENJOINED from interfering with Plaintiff's entry onto Defendant's property within twenty-five feet of Plaintiff's pipeline running through the property for the specific purpose of removing: one tree

located six feet from the pipeline, one tree located twenty-three feet from the pipeline, two bushes located twelve and fourteen feet from the pipeline, a group of additional trees and brush located twenty-two feet from the pipeline on the east side of Defendant's house, the porch on the north side of the house, and the canopies of the trees located over twenty-five feet away from the pipeline on the north side of the pipeline so far as the canopy extends within twenty-five feet of the pipeline. Defendants Clyde I. Petty and Karen L. Petty, their agents, and others in active concert or participation with Defendants are PERMANENTLY ENJOINED from interfering with Plaintiff's entry onto Defendants' property within twenty-five feet of Plaintiff's pipeline running through the property for the specific purpose of removing: five trees, located one foot, eight feet, sixteen feet, ten feet, and twenty-one feet away from the center of the pipeline; a group of bushes approximately ten feet away from the pipeline on the west side of the property; and the porch on the north side of the house. Defendants are also PERMANENTLY ENJOINED from interfering with Plaintiff's ingress or egress to and from the specified natural and manmade obstructions for the purpose of their removal or inspection or other necessary preparation for removal.

Entered this <u>25th</u> day of November, 2013.

                                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                   United States Senior District Judge