## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| PANHANDLE EASTERN PIPE LINE COMPANY, L.P., ) ) | |
| Plaintiff, ) ) | |
| v. ) | Case No. 11-cv-1333 |
| ) HARRY GRAY, SHIRLEY HADLEY, EDITH NICHOALDS, WILLIAM NICHOALDS, LUKE R. MATARELLI, GENE R. BOWERS, VIRGINIA S. GILLETT, KAREN L. PETTY, and CLYDE I. PETTY, ) ) ) ) ) ) ) | |
| Defendants. ) | |

## O R D E R & O P I N I O N

Before the Court is Plaintiff's Motion for Writ of Assistance (Doc. 86). Plaintiff seeks a writ from the Court to obtain assistance from law enforcement to enforce the permanent injunction preventing Defendants Karen Petty and Clyde Petty from interfering with clearing operations on their land pursuant to Plaintiff's easement. The injunction specifically prohibits Defendants from "interfering with Plaintiff's entry onto Defendants' property within twenty-five feet of Plaintiff's pipeline running through the property for the specific purpose of removing" specified trees and structures, as well as from interfering with Plaintiff's ingress or egress for that purpose. (Doc. 85 at 10).

A federal court has the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of

law." 28 U.S.C. § 1651(a). This gives courts the authority to issue commands that are "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued." *United States v. New York Telephone Co.,* 434 U.S. 159, 172 (1977). Plaintiff cites Federal Rule of Civil Procedure 70(d), which provides that "[o]n application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance." Fed. R. Civ. P. 70(d).[1]

Plaintiff's only allegation that Defendants have not complied with the permanent injunction is an allegation that Defendants "have not agreed to allow Plaintiff's agents on their property for the purpose of clearing obstructions." (Doc. 86 at 2). This does not give any indication that the injunction is insufficient and that a writ is necessary for Plaintiff to enjoy its rights, or that the Court's Order is being frustrated. The injunction does not require Defendants to give permission for Plaintiff to enter their property; the Court's Order gives Plaintiff that permission. Merely a passive lack of consent is not interference with Plaintiff's entry onto and use of the land. Plaintiff must give some evidence of actual interference with entry onto the property before the Court will find a writ of any form is necessary or appropriate to effectuate the permanent injunction.

Plaintiff must submit to the Court additional detail to show frustration or violation of the permanent injunction if it maintains its request for a writ. Plaintiff is also encouraged to explain further the logistical details of its request, including who would bear the expense of assistance from the U.S. Marshals.

---

[1] The Court is not convinced that Rule 70(d) applies in this case, as Plaintiff is not entitled to possession of the property, only to entry and use of the property. However, even if Rule 70(d) does not provide for a writ of assistance in this case, Plaintiff could still show it is entitled to a writ of some sort under the All Writs Act.

2

IT IS THEREFORE ORDERED that Plaintiff's Motion for Writ of Assistance (Doc. 86) is TAKEN UNDER ADVISEMENT. Plaintiff SHALL file a supplemental brief with additional information as explained herein within twenty-one days of the date of this Order if it wishes to maintain its request for a writ.

Entered this 5th day of March, 2014.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
